J-S89023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON OLIVER | |
| Appellant | No. 961 EDA 2016 |

Appeal from the Judgment of Sentence October 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001725-2014

BEFORE: SHOGAN, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MAY 18, 2017**

Vernon Oliver appeals from the October 30, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas. We reverse and remand for re-sentencing.

The trial court summarized the factual and procedural history of this matter as follows:

> The facts of this case, as read into the record at the time [Oliver] entered his guilty plea, are as follows. On the evening of January 21, 2014, the victim, Shawna Robertson, was walking in the area of 66[th] Street and Haddington Lane in Philadelphia, when she encountered [Oliver] and his dog. N.T. 2/25/2015 at 4. When she went to pet the dog, the dog ran away, and Ms. Robertson went to fetch the dog and return it to [Oliver]. [Oliver] became angry and accused Ms. Robertson of trying to steal his dog. *Id.* He ordered the dog to attack Ms.

---

[*] Former Justice specially assigned to the Superior Court.

Rober[ts]on, which it did. [Oliver]'s girlfriend also attacked Ms. Rober[ts]on, and then "they threw acid in her face." *Id.* at 5. At the time of sentencing, Ms. Rober[ts]on, who this Court found to be credible, indicated that the dog did not immediately attack her, but that [Oliver] punched the dog and shoved it towards her until it began to attack. N.T. 10/30/2015 at 14. [Oliver] then struck Ms. Robertson with a belt buckle. At some point during the attack, [Oliver]'s girlfriend emerged from the house and sprayed an acid solution in Ms. Rober[ts]on's face. *Id.* at 14. Ms. Robertson suffered approximately 30 puncture wounds, chemical burns, and cuts and bruises, and was hospitalized as a result of the attack. *Id.* at 18. [Oliver] was arrested and charged with Aggravated Assault (18 Pa. C.S.A. § 2702(a)), Conspiracy to Commit Aggravated Assault (18 Pa. C.S.A. § 903), Possession of an Instrument of a Crime [("PIC")] (18 Pa. C.S.A. § 907(a)), Simple Assault (18 Pa. C.S.A. § 2701(a)), and Recklessly Endangering Another Person ("REAP") (18 Pa. C.S.A. § 2705).

. . .

On February 25, 2015, [Oliver] pled guilty to the charges of Aggravated Assault, Conspiracy to Commit Aggravated Assault, and Possession of an Instrument of a Crime. The remaining charges were *nolle prossed*. On October 30, 2015, this Court sentenced [Oliver] to ten (10) to twenty (20) years of imprisonment for Aggravated Assault, ten (10) to twenty (20) years of imprisonment for Conspiracy to Commit Aggravated Assault, and five (5) years of probation for Possession of an Instrument of a Crime, with all sentences to run consecutively for an aggregate sentence of twenty (20) to forty (40) years of imprisonment followed by five (5) years of probation.[1]

---

[1] The trial court also sentenced Oliver to a consecutive 7-years' probation for violating probation that had been imposed at docket number CP-51-CR-0000636-2013 following a conviction for manufacture, delivery, or possession with intent to deliver a controlled substance, 35 P.S. § 780-113(a)(3).

Opinion, 5/24/16, at 1-2 ("1925(a) Op."). Oliver filed a motion to modify

sentence, which was denied by operation of law on March 9, 2016. On

March 21, 2016, Oliver filed a timely appeal.

Oliver raises the following issue on appeal:

> Did not the lower court err and abuse its discretion by sentencing Mr. Oliver to unreasonable and manifestly excessive statutory consecutive maximum terms of imprisonment, well beyond the top of the aggravated ranges of the Sentencing Guidelines, in a case in which appellant pleaded guilty, expressed remorse and accepted responsibility, the evidence was legally insufficient to support one of the charges, and the court failed to state adequate and proper reasons for deviating from the guidelines and properly balance the factors in 42 Pa. C. S. §9721(b)?

Oliver's Br. at 3.

Oliver challenges the discretionary aspects of his sentence.

"Challenges to the discretionary aspects of sentencing do not entitle an

appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058,

1064 (Pa.Super. 2011). Before we address a challenge to the discretionary

aspects of sentence, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting

*Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Oliver filed a post-sentence motion and a timely notice of appeal and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We must therefore determine whether he raises a substantial issue for our review.

We evaluate whether a particular issue raises a substantial question on a case-by-case basis. **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quoting **Commonwealth v. Naranjo**, 53 A.2d 617 (Pa. 2002)).

Oliver maintains that his discretionary aspects of sentence claims raise a substantial question because: he received two consecutive, above-the-aggravated-range sentences; the court failed to consider Oliver's rehabilitative needs and other mitigating factors; and the trial court sentenced him outside the guidelines range without stating its reasons on the record.[2] Such claims raise substantial questions for our review. **See**

---

[2] Oliver's motion to modify sentence requested that the trial court "modify its sentence in accordance with the sentencing guidelines" and "impose a sentence consistent with the mitigation that defense counsel presented at the time of sentencing." Mot. to Modify Sent., at ¶¶ 3-4. The motion put both the Commonwealth and the trial court on notice that Oliver

*(Footnote Continued Next Page)*

- 4 -

*Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa.Super. 2014) (appellant raised substantial question when he alleged sentence was excessive and court failed to consider mitigating circumstances); *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014) (finding claim that "sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question").[3]

Although the trial court must consider the sentence ranges set forth in the sentencing guidelines, it is not bound by the guidelines. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007) (referring to sentencing guidelines as "advisory guideposts" which "recommend . . . rather than require a particular sentence"). A court may deviate from the recommended guidelines as they are "merely one factor among many that the court must consider in imposing a sentence." *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa.Super. 2008) (quoting *Yuhasz*, 923 A.2d at

_(Footnote Continued)_ _____

was challenging the excessiveness of an outside-of-the-guidelines sentence and the failure to consider mitigation evidence.

[3] Oliver also claims the trial court sentenced him for acts which could not be attributed to him directly or vicariously. Oliver, however, pled guilty to conspiracy and does not argue the plea was not knowingly, intelligently, and voluntarily entered. Accordingly, the trial court could properly sentence him to the acts underlying the conspiracy.

1118). However, where a court departs from the guidelines, "it must 'demonstrate on the record, as a proper starting point, [it] awareness of the sentencing guidelines.'" ***Sheller***, 961 A.2d at 190 (quoting ***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa.Super. 2001)). Further, the Sentencing Code provides: "In every case where the court imposes a sentence or resentence outside [the sentencing guidelines] the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission." 42 Pa.C.S. § 9721(b). This Court has found "[t]his requirement is satisfied 'when the judge states his reasons for the sentence on the record and in the defendant's presence.'" ***Antidormi***, 84 A.3d at 760 (quoting ***Commonwealth v. Widmer***, 667 A.2d 215, 223 (Pa.Super. 1995), *rev. on other grounds,* 689 A.2d 211 (Pa. 1997) (alteration in original)). Therefore, "to comply with the above procedural requirements," the trial court must "state adequate reasons for the imposition of sentence on the record in open court." ***Id.***

Further, this Court has stated:

> When reviewing a sentence outside of the guideline range, the essential question is whether the sentence imposed was reasonable. [***Walls,*** 926 A.2d at 962]. An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S.A. § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." **Walls**, 926 A.2d at 964. These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

**Sheller**, 961 A.2d at 190-91.

At sentencing, Oliver's attorney informed the trial court that Oliver pled guilty and that he was incarcerated when his grandmother, who raised him, passed away. N.T., 10/30/15, at 5-9. Counsel also stated that "what is most jarring about this case is the acid in the face situation, and that Mr. Oliver not only did not do [it], but [he] did not even know [it] was going to happen." **Id.** at 9. The court also heard argument from the Commonwealth and testimony from the victim. In addition, the court heard from Oliver, who stated:

> I apologize to the victim. And I apologize to the court. But I take responsib[ilty] for the dog being off the leash, and for my dog attacking the lady.
>
> But as far as me touching her, I never touched her. As far as me making the dog sic them and all that, I never did that. I simply was mad and was arguing with the girl

- 7 -

> because she took my dog off the corner. She was very drunk.

*Id.* at 18-19. The court also considered that the sentencing guidelines were:

> 11/5, (inaudible) 4/11. Prior records 205, guidelines 72 to 90 plus or minus 12, and that's not even including a deadly weapon used in handling (inaudible). I don't think you can possibly consider this case.
>
> So 11/5 72 to 90 plus or minus 12 is the absolute best-case scenario guidelines for this case.

*Id.* at 10-11.[4] The Commonwealth requested "seven to 14 on the aiding and conspiracy to both consecutive and a probation to (inaudible)." *Id.* at 18.

In imposing the aggregate sentence of 20 to 40 years' imprisonment followed by 5 years' probation, the trial court stated:

> I've looked at the charges, aggravated assault, conspiracy, PIC, simple assault (inaudible), I viewed the photos.
>
> The lady has dog bites all over, acid thrown in her face. Good Samaritan trying to protect the community, protect the public. This is what she gets.
>
> I believe the witness. I believe everything she said here. Not only do I see the photographs that prove what happened to her, I believe her version of the events. I

---

[4] Oliver's counsel did not object to or dispute the stated guidelines range at the time of sentencing. On appeal, he claims that although the guidelines for the aggravated assault conviction were 72 to 90 months, the guidelines for the conspiracy conviction were 60 to 72 months plus or minus 12 months. Upon re-sentencing, the trial court shall determine the sentencing range for each offense prior to imposing sentence.

believe he sicked the dog on her. I believe she went down and got the dog to protect the public. I believe she took the dog and put him on a belt and brought him back.

The acid on the face, I don't know. You see somebody talking to another female, maybe you get jealous. I don't know. You think something else is going on that's not going on, you throw acid on her. Outrageous conduct. Outrageous.

Defendant will be sentenced to punish, to protect the public, and to rehabilitate.

Thankful that the victim's face healed. They must have done an excellent job at the hospital. She did not get rabies. She got a tetanus shot. They did excellent work.

Aggravated Assault. Sentence will be 10 to 20 years. Conspiracy will be consecutive 10 to 20 years. The PIC will be a five years' probation consecutive. The [violation of probation] will be a seven year consecutive probation to that.

Total sentence 20 to 40 years plus 12 years consecutive probation.

This is outrageous conduct, cannot be tolerated in a society that we live in.

Personally Miss, I apologize for you being a Good Samaritan; this is what you get? Uncalled for. Unheard of. Totally unacceptable.

N.T., 10/30/15, at 20-21.

We conclude that the trial court imposed two, consecutive, above-the-guideline range sentences without explaining why such a departure from the guidelines was necessary. Although the district attorney provided the trial court with the sentencing guidelines, the trial court did not acknowledge that it was imposing above-the-aggravated-range sentences. Further, although the trial court stated that the sentence would serve "to punish, to protect

the public, and to rehabilitate," there is no indication that the trial court considered any factor, other than the circumstances of the crime, prior to imposing the consecutive above-the-aggravated-range sentences.[5] Therefore, we reverse and remand for a new sentencing hearing. *See Sheller*, 961 A.2d at 190-91; 42 Pa.C.S. § 9721(b).

Judgment of sentence reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2017

---

[5] At the end of the guilty plea hearing, the trial court ordered a pre-sentence report. N.T., 2/25/15, at 5. At sentencing, however, neither the trial court, nor the Commonwealth mentioned a pre-sentence report.